FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 06 2018

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MICHELLE WELLS, Individually and on behalf of All Others Similarly Situated**  **PLAINTIFF**

vs.   No. 4:18-cv-_828_- SWW

**SEVEN STAR HOTELS GROUP INC;**  **DEFENDANTS**
**KHURRAM CHAUDHRY; and**
**MOHAMAD AYACHE**

This case assigned to District Judge _Wright_
and to Magistrate Judge _Harris_

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Michelle Wells, individually and on behalf of all others similarly situated, by and through her attorneys Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Class and Collective Action against Defendants Seven Star Hotels Group Inc, Khurram Chaudhry, and Mohamad Ayache (collectively "Defendants"), does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for all hours worked in excess of forty (40) per week.

2.      Upon information and belief, during the three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.   JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendants conduct business within the State of Arkansas, owning and operating a motel in Little Rock.

6.      Plaintiff was employed by Defendants in Little Rock.

7.      The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

8.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9.      Plaintiff is a resident and domiciliary of the State of Illinois.

10. Plaintiff worked for Defendants at their Little Rock motel from September of 2016 through March of 2017 and from June of 2017 through February of 2018.

11. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

12. Defendant Seven Star Hotels Group Inc ("Seven Star"), is a foreign for-profit corporation registered with and doing business in Arkansas and whose registered agent for service of process in Arkansas is Khurram Chaudhry at 6100 Mitchell Drive, Little Rock, Arkansas 72209.

13. Defendant Seven Star operates a Quality Inn & Suites motel franchise located at 6100 Mitchell Drive, Little Rock, Arkansas 72209.

14. Upon reasonable information and belief, Defendant Khurram Chaudhry ("Chaudhry") is an individual and resident of Bossier Parish, Louisiana.

15. Upon reasonable information and belief, Defendant Mohamad Ayache ("Ayache") is an individual and resident of Bossier Parish, Louisiana.

16. Defendants Chaudhry and Ayache are the owners, shareholders, board members, and officers of Seven Star.

17. Defendants Chaudhry and Ayache operate as employers alongside Seven Star, and each had the power to hire and fire Plaintiff, supervised Plaintiff's work and determine Plaintiff's work schedule, duties and tasks, and made decisions regarding Plaintiff's pay, or lack thereof.

18. Defendant Seven Star was at all times relevant hereto operated as a single joint enterprise by and with Defendants Chaudhry and Ayache, with centralized policies,

particularly regarding pay, being applied to all employees and with unified control and management.

19.  Defendants acted jointly as "employers" within the meanings set forth in the FLSA and AMWA, and were, at all times relevant to the allegations in this Complaint, the employers of Plaintiff and all other hourly-paid employees.

20.  Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employers through unified management.

21.  As a result of this unified operation, control, management, and ownership, with the authority to establish wages and pay policies, Defendants operated as a single enterprise.

22.  Defendants are and have been engaged in interstate commerce as that term is defined under the FLSA and the AMWA, and have during each of the three (3) years preceding the filing of this Complaint had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

23.  Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

24.  At all relevant times, Defendants continuously employed at least four (4) employees.

## IV.   FACTUAL ALLEGATIONS

25.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

26.   During the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as an hourly-paid employee at Defendants' Quality Inn & Suites location in Little Rock.

27.   Defendants directly hired Plaintiff and other hourly-paid employees and controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

28.   The basic duties of Plaintiff included checking guests in and out, assisting guests and cleaning the lobby of the motel.

29.   Plaintiff and other hourly-paid employees were paid an hourly rate by Defendants.

30.   Plaintiff and other hourly-paid employees routinely were scheduled to work and did work more than forty (40) hours in a single workweek.

31.   Defendants had a practice of not paying Plaintiff and other hourly-paid employees one and one-half (1.5) times their regular rate for any hours worked in excess of forty (40) per workweek.

32.   Rather than pay Plaintiff and other hourly-paid employees one and one-half (1.5) times their regular rate for their hours worked in excess of forty (40) per workweek, Defendants simply paid hourly employees their regular rate for all hours worked, including hours worked in excess of forty (40) per week.

33. Plaintiff and other hourly-paid employees, in addition to being scheduled to work more than forty (40) hours per workweek, frequently worked additional time while off the clock and were not paid a lawful overtime premium of one and one-half (1.5) times their regular rate for these hours.

34. At all relevant times herein, Defendants have deprived Plaintiff and all others similarly situated of a lawful overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

35. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and all others similarly situated violated the FLSA and the AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

### A.   FLSA § 216(b) Collective

36. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

37. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38. Plaintiff brings her FLSA claim on behalf of all hourly-paid workers employed by Defendants at any time within the applicable statute of limitations period, who were denied a proper overtime premium of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

A.   Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in each workweek;

B.   Liquidated damages; and

C.   Attorneys' fees and costs.

39. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" her written Consent to Join this lawsuit.

40. The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

41. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.   They were paid hourly rates;

B.   They recorded their time in the same manner; and

C.   They were subject to Defendants' common practice of not paying a lawful overtime premium for all hours worked over forty (40) hours per work week.

42. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds four (4) persons.

43. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action members are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA Rule 23 Class

44. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45. Plaintiff proposes to represent the class of hourly-paid employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

46. Common questions of law and fact relate to all members of the proposed class, such as whether Defendants lawfully and properly paid the members of the proposed class for all hours worked, including a lawful overtime rate, in accordance with the AMWA.

47. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

48. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

49. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds thirty (30) persons. Therefore, the class is so numerous that joinder of all members is impracticable.

50. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

51. Concentrating the litigation in this forum is highly desirable because Defendants operate a motel in or are based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

52. No difficulties are likely to be encountered in the management of this class action.

53. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly-paid employee for Defendants and experienced the same violations of the AMWA that all other class members suffered.

54. Plaintiff and her counsel will fairly and adequately protect the interests of the class.

55. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

56. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to

individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

57.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

58.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

59.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

60.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

61.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

62.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

63.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

64.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs,

including a reasonable attorney's fee, for all violations that occurred within the three (3) years prior to the filing of this Complaint, as provided by the FLSA.

65. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

66. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

67. Plaintiff brings this collective action on behalf of all other hourly-paid workers employed by Defendants within the three (3) years preceding the filing of this Complaint to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

68. Plaintiff brings this action on behalf of herself and all other hourly-paid employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

69. 29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

70. Like Plaintiff, other hourly-paid employees regularly worked more than forty (40) hours in a week.

71. Defendants failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

72.	Because these employees are similarly situated to Plaintiff, and are owed lawful overtime compensation for the same reasons, the proposed collective is properly defined as:

**All hourly-paid employees within the past three years.**

73.	Defendants' conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

74.	By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the FLSA.

75.	Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

76.	Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

77.	Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

78.	At all times relevant herein, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

79.	Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40)

hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

80. Defendants failed to pay Plaintiff a proper and lawful overtime premium for all hours worked in excess of forty (40) per week, despite her entitlement thereto.

81. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

82. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the AMWA.

83. Alternatively, should the Court find the Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

84. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

85. Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201 et seq.

86. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

87. Defendants failed to pay Plaintiff and members of the proposed class lawful overtime wages for all hours worked over forty (40) per week as required under the AMWA, despite their entitlement thereto.

88. Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid employees in Arkansas within the past three years.**

89. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

90. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee, as provided by the AMWA, for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

91. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Michelle Wells, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by them and all monies paid to them;

C.   A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

D.   A declaratory judgment that Defendants' practices alleged herein violate the AMWA and the related regulations;

E.   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F.   Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G.   Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H.   Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

I.   Judgment for liquidated damages pursuant to the AMWA and the related regulations;

J.   For a reasonable attorney's fee, costs and pre-judgment interest; and

K.   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**MICHELLE WELLS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Chris Burks
Chris Burks
Ark Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MICHELLE WELLS, Individually and on behalf of All Others Similarly Situated**                                **PLAINTIFF**

vs.                          No. 4:18-cv-____

**SEVEN STAR HOTELS GROUP INC;**                     **DEFENDANTS**
**KHURRAM CHAUDHRY; and**
**MOHAMAD AYACHE**

## CONSENT TO JOIN COLLECTIVE ACTION

I was an hourly-paid employee of Seven Star Hotels Group Inc, Khurram Chaudhry, and Mohamad Ayache ("Defendants"), on or after November 6, 2015. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

*Michelle Wells*

Signature:   **MICHELLE WELLS**

Date:            11/06/2018

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

EXHIBIT
A