# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHELLE WELLS,**
**individually and on behalf of all**
**others similarly situated**                                                            **PLAINTIFF**


VS.                        No. 4:18-cv-00828 PSH


**SEVEN STAR HOTELS GROUP INC;**
**KHURRAM CHAUDRY; and**
**MOHAMED AYACHE**                                                                **DEFENDANTS**


## ORDER

The parties' ("Wells" and "Ayache") joint request for a settlement conference was granted by United States District Judge James M. Moody Jr., and the undersigned conducted the conference on February 16, 2022. Wells is represented by Josh Sanford of the Sanford Law Firm ("SLF") and Stephen Niswanger ("Niswanger") represents Ayache.

The parties reached an agreement on the damages portion of the claim, which was brought pursuant to the Fair Labor Standards Act ("FLSA"). Wells' damages claims were settled for $6,600. The parties were given 14 days following the settlement conference to negotiate an agreement on a reasonable attorney's fee

1

payment to SLF. They were unable to reach such an agreement, and have therefore requested that this Court make an award of fees based on consideration of SLF's motion for attorney's fees and costs and the defendant's response. *See* Doc. Nos. 33 - 36. The parties have also consented to this Court's jurisdiction and the case has been reassigned accordingly. *See* Doc. No. 32.

The United States Supreme Court provides guidance on calculating the appropriate fee. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The starting point for calculating a reasonable fee, or the lodestar method, is to multiply the number of hours reasonably expended by the reasonable hourly rate. Hours not reasonably expended (e.g., "hours that are excessive, redundant, or otherwise unnecessary") should be excluded. *Id.* at 434. SLF contends it has already trimmed the hours not reasonably expended from its request (reducing the fee request from $24,208.90 to $10,883.10).[1] Ayache contends the award of the fees should not exceed the amount of the damages settlement, or $6,600. Ayache also emphasizes the case presented no novel or difficult legal issues. While Ayache correctly describes the nature of the case, which is a relevant factor, the Court's calculation of the fee award starts with application of

---

[1] The voluntary reduction of the hours claimed by SLF does not end the discussion regarding the hours claims or the reasonable rates for the hours claimed. *See, e.g., Rorie v. WSP2, LLC*, 2021 WL 4900992 (W.D. Ark. October 20, 2021).

the lodestar method.

After careful consideration of the submissions of the parties, including the detailed billing records, the Court awards a fee of $7,322.50 plus costs of $568.20.

The following factors were evaluated in arriving at the fee:

**Reasonable hourly rates:** SLF contends $383/hour is a reasonable rate for the time of Josh Sanford. SLF rightly notes this rate was awarded in *Latcham v. U.S. Pizza Company, Inc.*, case no. 4:16cv852. However, in another instance United States District Judge D.P. Marshall Jr. found Josh Sanford's request for this rate was too high and instead awarded his fees at a $250/hour rate. *See Wolfe v. Arafa*, 5:17cv245. SLF also submits the following as reasonable hourly rates:

| | |
|---|---|
| Blake Hoyt, attorney | $175/hour |
| Courtney Harness, attorney | $300/hour |
| Vanessa Kinney, attorney | $300/hour |
| Paralegals | $100/hour |

SLF contends these rates are "reasonable and below the national average for complex litigation." Docket entry no. 35, page 10. SLF concedes that Courts have both awarded hourly rates similar to those requested in some cases and awarded lower hourly rates in others.

The Court has adjusted the requested rates in formulating the fee to be awarded

as follows:

| | |
|---|---|
| Blake Hoyt, attorney | $150/hour |
| Josh Sanford, attorney | $250/hour |
| Courtney Harness, attorney | $175/hour |
| Vanessa Kinney, attorney | $175/hour |
| Paralegals | $100/hour |

These adjusted rates are reasonable and consistent with rates recently awarded in other typical FLSA cases.[2]

**Complexity of the case:** The case is aptly described as a standard FLSA case. The complaint in this instance, filed on November 6, 2018, is almost identical to complaints filed by SLF in numerous FLSA cases filed with this Court, including complaints filed in the months preceding the filing of this case. *See Baker v. Belso, et al.*, Case no. 4:18cv722 BRW (filed on September 27, 2018), and *Black, et al. v. Driveline Retail Merchandising, Inc.*, case no. 4:18cv778 KGB (filed on October 19, 2018). Although styled as a class action, the case was litigated solely on behalf of plaintiff Wells and not on behalf of any other individuals as a collective or class action. Additionally, it was litigated only against the sole defendant served, Ayache.

---

[2]*See, e.g., Oden v. Shane Smith Enterprises*, 2020 WL 8073626 (E.D. Ark. December 16, 2020) (affirmed on March 3, 2022, 27 F.4th 631), and *Rorie v. WSP2, LLC*, 2021 WL 4900992 (W.D. Ark. October 20, 2021).

**Expertise of SLF:** SLF's expertise, evidenced by the over 1,100 wage lawsuits filed and prosecuted in Arkansas and Texas since 2015,[3] should express itself in economies of scale and in efficiencies in drafting pleadings and discovery. The records do not reflect such efficiencies.

**Prosecution of this case:** SLF did not vigorously pursue this case. The billing document supplied to the Court reflects about seven hours was expended in November 2018, the month in which the case was filed. Three defendants were named, and service was accomplished on only one of the defendants. There was no class certified in the case. SLF seeks recovery for a total of fourteen hours expended in the three years and one month after commencing the case in November 2018. This reflects little more than twenty minutes a month devoted to the case during the November 2018 to January 2022 period.[4] Of note, in January 2020, United States District Judge James M. Moody, Jr. ordered the case would be dismissed for failure to prosecute unless SLF took some action within thirty days. Doc. No. 9. SLF seeks recovery for about twenty three hours of work in this calendar year.

**Risk involved:** The level of risk typically associated with a contingency fee

---

[3]*See* Doc. No. 34-2, paragraph 14.

[4]A majority (41 of 74) of the billing entries during the December 2018 to January 2022 time frame were for six minute periods.

case is not present in this instance. The volume of FLSA cases filed and settled by SLF suggests a strong likelihood of success on both liability and damages, triggering the award of the attorneys' fees. In this instance, SLF and Ayache's counsel were engaging in settlement discussions prior to the filing of an answer. Doc. No. 24.

**Conclusion:** The Supreme Court emphasizes reasonableness when considering a fee request – a *reasonable* fee is based upon the number of hours *reasonably* expended multiplied by the *reasonable* hourly rate, excluding hours not *reasonably* expended. In this standard hour and wage case, the Court finds the appropriate fee to be $7,322.50 plus costs of $568.20, and orders Ayache to make payment to Wells as set forth herein.

IT IS SO ORDERED this 28th day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE